Grimke, J.,
delivered the opinion of himself,
Brevard, and Wilds, Justices, Bay, J., absent.
The A. A. 1733, P. L. 135, affords to constables and other inferior officers acting in the due execution of their offices, the privilege of giving any special matter in evidence, under the plea of the general issue, to justify themselves in any action brought against them concerning any cause, matter or thing by them done in the lawful exercise of the duties of their offices. And there is a settled distinction in the cases of an officer, justifying under the process or authority of a court, and a private person. The officer is bound to execute the process directed to him, if it be apparently regular and fair, and ought not to be answerable in case it has been improperly issued ; and, therefore, the process is a sufficient justification as to him, for any act done in obedience thereto; but it is not so in the case of a private person, who must not only shew a writ or warrant of execution, but also a regular judgment to support it. 2 Esp. Dig. 103. Salli. 408. 1 Str. 446. 3 Burr. 1742. We are of opinion a new trial ought to be granted, because the defendant was not suffered to give the execution in evidence without shewing the judgment upon which it had issued. We cannot pretend to say what evidence the defendant might have given afterwards to have made out his justification. He might, or might not, have proved (hat he was a lawful constable, and that the mare in question was subject to the execution by which he took her. These facts we may presume he would have proved, else why should he have offered the execution in evidence 1
Trezevakt, J.,
contra. The case, stated in the brief, shows that the mare in question was not subject to the execution as the property of Henry Culp. The presumption of the transfer to John Culp being fraudulent cannot be entertained, for the defendant has not alleged any such matter in his brief, and we ought not to infer that he could have proved any thing to that purpose, seeing that he has not stated that he could, qí would have done so. Therefore, it *105 was idle to offer the execution in evidence, by way of justification, for if it had been admitted in evidence, it could have had no effect; for it could not have justified the defendant in taking the mare of the plaintiff, who had acquired her by a fair purchase, before the execution issued.
New trial granted.